**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS BRIAN MCSHANE, | No. 12-55575 |
| Petitioner - Appellee, | D.C. No. 5:09-cv-01243-CAS-VBK |
| v. | |
| MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation, | MEMORANDUM* |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted July 10, 2013
Pasadena, California

Before: WARDLAW, BYBEE, and NGUYEN, Circuit Judges.

Respondent Matthew Cate appeals the district court's conditional grant of

Petitioner Douglas Brian McShane's petition for a writ of habeas corpus. The facts

are known to the parties. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and

---

 * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

2253. We review de novo the district court's grant of a petition for a writ of habeas corpus. *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc). We VACATE the district court's judgment and REMAND for further proceedings.

In *Cullen v. Pinholster*, the Supreme Court held that "evidence introduced in federal court has no bearing on § 2254(d)(1) review." 131 S. Ct. 1388, 1400 (2011). "If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.*; *see also id.* at 1400 n.7 (noting that an unreasonable determination of fact under § 2254(d)(2) must be unreasonable "in light of the evidence presented in the State court proceeding," and stating that "[t]he additional clarity of § 2254(d)(2) on this point . . . does not detract from our view that § 2254(d)(1) *also* is plainly limited to the state-court record" (emphasis added)). The Supreme Court further stated:

> Section 2254(e)(2) continues to have force where § 2254(d)(1) does not bar federal habeas relief. For example, not all federal habeas claims by state prisoners fall within the scope of § 2254(d), which applies only to claims "adjudicated on the merits in State court proceedings." At a minimum, therefore, § 2254(e)(2) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court.

2

*Id.* at 1401. After *Pinholster*, we have held that a federal habeas court may consider new evidence only on de novo review, subject to the limitations of § 2254(e)(2). *See Stokley v. Ryan*, 659 F.3d 802, 808 (9th Cir. 2011).

In December 2010, prior to the Supreme Court's decision in *Pinholster*, the federal magistrate judge conducted an evidentiary hearing. Following supplemental briefing regarding the potential effect of *Pinholster*, the magistrate judge issued a Report and Recommendation in which he discussed *Pinholster*'s limitations on evidence which can be properly considered on federal habeas review. In light of *Pinholster*, the magistrate judge stated: "As will be shown below, based solely on the state court record, assuming the truth of the allegations and evidence that Petitioner presented, the Court finds that the San Bernardino County Superior Court's finding that Petitioner failed to set forth a prima facie showing that he is entitled to relief was objectively unreasonable." The magistrate judge continued, however, to summarize in detail the evidence that was presented at the federal evidentiary hearing in December 2010. Further, in numerous instances, the magistrate judge's analysis of McShane's ineffective assistance of counsel claim referred to testimony presented at the federal evidentiary hearing. The district court accepted the magistrate's Report and Recommendation, without exception and with no discussion or explanation.

It is apparent that the § 2254(d) review in this case was affected, perhaps unwittingly, by evidence adduced at the December 2010 evidentiary hearing. However, because the California courts considered McShane's claims on the merits, proper AEDPA review in this case requires consideration of *only* the evidence that was before the state court in determining whether § 2254(d) is satisfied. *Pinholster*, 133 S. Ct. at 1400–01 & n.7. It is clear from the face of the Report and Recommendation—as accepted by the district court—that the magistrate judge considered materials outside of the record that was before the state court in making its § 2254(d) determination. This was error under *Pinholster*.

We VACATE the district court's judgment and REMAND this case for the district court for further proceedings to properly consider both of McShane's claims pursuant to *Pinholster*.[1]

**VACATED AND REMANDED.**

_____

[1] In light of the fact that the magistrate judge has extensively reviewed evidence that was outside the record before the state court and already has come to a decision based partially on that evidence, and in order to preserve the appearance of justice, we recommend that a different magistrate judge review this case on remand. We leave to the district court the question whether it should consider transferring this case to a district court judge who has not reviewed the evidence in the context of making the § 2254(d) determinations.